# IN THE UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT – RICHMOND DIVISION

## PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:14-CV-629

### List of Defendants

1. CACH, LLC. *2nd Floor 4340 S. Monaco St. Denver, CO. 80237*



FILED SEP 26 2014 CLERK, U.S. DISTRICT COURT RICHMOND, VA

### Statement of Facts Giving Rise to Plaintiff's Claims for Relief.

CACH, LLC is a debt collector and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq*. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax and Trans Union, Experian and Innovis and all national credit reporting agencies. **The State of Virginia abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court**. Specifically section 813 of the FDCPA and 618 of the FCRA.

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with The Defendant. Even if The Plaintiff did have such an agreement, which The Plaintiff denies, the alleged account is not in question here. But, the fact as to how it was or was not verified, and the wrongful actions of The Defendant in inserting erroneous and inaccurate information, and failure to indicate the account is in dispute in The Plaintiff's credit reports, <u>violated the civil rights of The Plaintiff</u> and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq*.

The Plaintiff requested a copy of his Credit Report from Experian, Equifax and Trans Union on July 19, 2013 and again in August, September and October of 2013 and once in July, 2014. The Plaintiff was alerted to this through his credit monitoring service Privacy Guard who also records these transactions.

Upon inspection of the said reports, The Plaintiff observed that CACH, LLC was listed on The Plaintiff's Experian, Equifax and Trans Union credit reports indicating a debt/account due "CACH, LLC." **(Exhibit A)**

The Plaintiff has not now or ever had any business affiliation or relationship with CACH, LLC nor has ever applied for any type of mortgage, loan, credit card or insurance or employment reasons with The Defendant.

The Plaintiff contacted The Defendant by U.S. Postal Service Certified Mail Return Receipt on July 22, 2013 which The Defendant received on July 26th 2013 asking for proof of this alleged account. **(Exhibit B)** The Plaintiff had contacted The Defendant prior to this, and had never received an appropriate answer from The Defendant. The Plaintiff has attempted to have an explanation from The Defendant, and did so without any response for a year. After not receiving any appropriate answer from The Defendant, prior to filing this complaint, The Plaintiff contacted The Defendant on July 16th 2014 with a final notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a response from The Defendant.

The Defendant received this letter on July 21th 2014 via certified US Mail. **(Exhibit C)** The Defendant has never responded to The Plaintiff's requests.

The Plaintiff has tried every way possible to resolve these issues but has never received an answer from CACH, LLC, forcing The Plaintiff to seek Justice, and for the court to intervene in this matter. The Plaintiff has requested confirmation/disputed this alleged account with Experian, Equifax and Trans Union, and Experian, Equifax and Trans Union have confirmed that they are reporting it correctly as advised to Experian and Equifax and Trans Union by CACH, LLC. **(Exhibit D)**

The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged account is in dispute, which The Defendant did not do. The Defendant has continued reporting erroneous and inaccurate information by updating The Plaintiff's credit report for almost a year, even after informing The Defendant of this, and asking for proof of any account and has done so to-date.

## **The claims being brought are outlined here, and specified below:**

A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for about a year. **(Exhibit E)**

B. Continually updating The Plaintiff's credit report for almost a year with this erroneous and inaccurate information. **(Exhibit E)**

Claims 1 - 3:

The Defendant is in violation of the Fair Credit Reporting Act [15 U.S.C. § 1681s-2] because

1. The Defendant did not inform notice of dispute to the Major Credit Reporting agencies that the alleged account is in dispute.

2. The Defendant did not conduct an investigation of the disputed information.

3. The Defendant failed to report the results of their investigation to consumer reporting agencies.

**The duties of The Defendant are clearly laid out by the FCRA here:**

> (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

> (b) Duties of furnishers of information upon notice of dispute.

> (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

> (A) conduct an investigation with respect to the disputed information;

> (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

> (C) report the results of the investigation to the consumer reporting agency;

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:14-CV-629

**The information from CACH, LLC on the Experian/Equifax and Trans Union credit report of Plaintiff did not reflect that the information is disputed by the consumer.**

Claims 4 - 5:

4. The Defendant has continued reporting erroneous and inaccurate information by updating The Plaintiff's credit report for almost a year, even after The Plaintiff informed The Defendant of the disputed alleged account, and asking for proof of any account, The Defendant still reports the account to-date.

5. The Defendant failed to promptly update and/or correct the information in The Plaintiff's Credit Report.

**As stated by the Fair Credit Reporting Act, section 623, Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**

> (2) Duty to correct and update information. A person who
> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**The Plaintiff has a negative Experian credit score of 622 as of this date and has been denied credit at reasonable rates because of the willful noncompliance, erroneous actions and inaccurate reporting and/or inactions of The Defendant.**

4

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:14-CV-629

**WHEREFORE,** The Defendant has violated the Fair Credit Reporting Act, **Plaintiff demands judgment in the amount of $50,000.00** for their violations of the FCRA, plus all costs of this action along with punitive damages in the amount of **$150,000.00** or as the court may allow along with Private Attorney General fees of **$3000.00** as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)*

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:14-CV-629

## **PRAYER UPON WHICH RELIEF CAN BE GRANTED**

1. A settlement agreement between The Plaintiff and The Defendant that The Defendant shall remove any derogatory information and inquiries from all four major credit-reporting agencies Trans Union, Equifax, Experian and Innovis and any other known credit reporting agencies CACH, LLC has used now or may use in the future.

2. Defendant must also provide a letter and or Universal Data Form indicating that they have done this and send same to The Plaintiff.

3. The Defendant will be barred now or in the future from selling or transferring of the alleged account to any other lender, collection agency or attorney or entity and also barred now and in the future from re-entering this information into The Plaintiff's credit reports.

4. The Defendant must cease and desist any further collection activities if applicable against The Plaintiff and The Defendant may not sell or transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future.

5. Payment of **$50,000.00** for their violations

6. Private Attorney General fees must be paid to The Plaintiff

7. Damages as allowed by the Court.

Submitted This _24_ Day Of September, 2014

Samuel M. Elliott - Pro Se

218 Natty Point Lane
Kilmarnock, VA 22482
sam.m.elliott@gmail.com
804.435.3489

6